IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LUIS MONJE, | ) | |
| | ) | |
| Petitioner, | ) | 4:09CV3005 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on respondent's motion for summary judgment (Filing No. 10). In support of his motion, respondent filed a brief (Filing No. 11) and relevant State Court Records (Filing No. 9). Petitioner Luis Monje ("Monje") filed a brief in opposition to the motion (Filing No. 13). Respondent's motion will be granted.

Liberally construing the allegations of Monje's petition for writ of habeas corpus ("Petition") (Filing No. 1), he argues that the petition should be granted because:

> Claim One: The trial court imposed an "excessive sentence in violation of the Eighth and Fourteenth Amendments."
>
> Claim Two: The trial court imposed a sentence for "a weapons offense that is void or voidable under Nebraska law" because there is no intentional criminal conviction on the record to support its imposition.
>
> Claim Three: Petitioner was denied the effective assistance of counsel, in violation of his Fourteenth Amendment rights, because petitioner's trial counsel "advised Petitioner to plead guilty without first

|              |                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|--------------|--|
|              | [advising him] that all twelve members of a jury must vote guilty to convict him." |
| Claim Four:  | Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea, in violation of petitioner's Fourteenth Amendment rights, because petitioner's trial counsel did not advise him "that all twelve members of a jury must vote guilty to convict him" and petitioner was "erroneously advised and sentenced under the false premise that the two sentences imposed against him were mandatorily required by law to run consecutive to one another." |
| Claim Five:  | Petitioner's conviction was obtained in violation of his Fourteenth Amendment rights because there was no "adequate factual basis on the record to support the weapons offense to which he [pled]." |

(Filing No. 7 at CM/ECF pp. 1-2.)

## I.   BACKGROUND

### A.   Monje's Conviction and Direct Appeal

On August 24, 2004, Monje pled guilty to one count of manslaughter and one count of use of a weapon to commit a felony (Filing No. 9-3, Attach. 2, at CM/ECF pp. 5-6). Monje was thereafter sentenced to serve a prison term of 15 to 18 years on each count, to be served consecutively. (*Id.* at CM/ECF p. 6.) Monje filed a direct appeal in which he argued that his sentence was excessive under Nebraska state law. (*Id.* at CM/ECF pp. 7-38.) The Nebraska Court of Appeals summarily affirmed Monje's

conviction and sentence on May 24, 2005 (Filing No. 9-2, Attach. 1, at CM/ECF p. 2). Monje filed a petition for further review with the Nebraska Supreme Court, which was denied without the issuance of an opinion on July 7, 2005. (*Id.*)

### B.   Monje's First Post Conviction Motion and Appeal

On January 13, 2006, Monje filed a "Verified Motion for Post Conviction Relief" ("First Post Conviction Motion") in the Lancaster County, Nebraska, District Court (Filing No. 9-6, Attach. 5, at CM/ECF pp. 1-5). In his First Post Conviction Motion, Monje asserted three claims, none of which are included in the Petition currently before the Court. (*Id.*) On May 4, 2006, the Lancaster County District Court denied the First Post Conviction Motion. (*Id.* at CM/ECF pp. 7-9.)

Monje appealed the denial of post-conviction relief. On appeal, Monje argued "that his counsel was ineffective for allowing [him] to plead" guilty and "that the court erred in denying an evidentiary hearing on that basis." (Filing No. 9-5, Attach. 4, at CM/ECF p. 4.) The Nebraska Court of Appeals affirmed the Lancaster County District Court's denial of post-conviction relief. (*Id.* at CM/ECF pp. 1-5.) Specifically, the Nebraska Court of Appeals refused to consider Monje's only claim raised on appeal because "none of the allegations contained [in the First Post Conviction Motion] even remotely resemble" the claim set forth by Monje on appeal. (*Id.* at CM/ECF pp. 1-5.)

Because it was not presented to the Lancaster County District Court, the Nebraska Court of Appeals could not consider the claim. Monje did not file a petition for further review with the Nebraska Supreme Court. (Filing No. 9-4, Attach. 3, at CM/ECF p. 2.)

### C. Monje's Second Post Conviction Motion and Appeal

On December 7, 2007, Monje filed a "Second or Successive Verified Motion to Vacate and Set Aside Convictions" ("Second Post Conviction Motion"). (Filing No. 9-8, Attach. 7, at CM/ECF pp. 1-9.) In his Second Post Conviction Motion, Monje asserted four claims, including Claims Two-Five set forth in the Petition currently before the court. (*Id.*) On April 7, 2008, the Lancaster County District Court denied the Second Post Conviction Motion. (*Id.* at CM/ECF pp. 21-22.)

Monje appealed the denial of his second request for post-conviction relief. On appeal, Monje again argued Claims Two-Five. (*Id.* at CM/ECF pp. 23-42.) The State of Nebraska filed a "Motion for Summary Affirmance," arguing that Monje's Second Post Conviction Motion was procedurally barred. (*Id.* at CM/ECF pp. 46-52.) The Nebraska Court of Appeals granted the Motion, summarily affirming the denial of the Second Post Conviction Motion on October 8, 2008 (Filing No. 9-7, Attach. 6, at CM/ECF p. 2). Although Monje filed a petition for further review with the Nebraska Supreme Court, that petition was "denied

as filed out of time" on November 14, 2008. (*Id.*) Monje thereafter filed a motion for rehearing, which was denied by the Nebraska Court of Appeals on December 5, 2008. (*Id.*)

Monje filed this action on January 9, 2009 (Filing No. 1). Respondent thereafter filed his motion for summary judgment, arguing that all of Monje's claims are unexhausted and, therefore, procedurally barred (Filing Nos. 10 and 11). Monje filed a Brief in Opposition to the Motion, arguing that Claim One is not procedurally defaulted because he raised it on direct appeal, and that Claims Two-Five are based on a "plain error" argument which excuses any procedural default (Filing No. 13).

## *II.     ANALYSIS*

### A.   **Exhaustion/Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to

> protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a

-6-

state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state -- law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1. Where a "state court issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the

-7-

merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989). In such circumstances, when there exists no currently available state court remedy, the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In addition, Nebraska law states that "[w]ithin thirty days after the Court of Appeals has issued its decision in a case, any party to the case may petition the Supreme Court for further review of the decision in the manner prescribed by the rules of the Supreme Court." Neb. Rev. Stat. § 24-1107. Any petition for further review "not filed within 30 days is untimely and should be dismissed." *Robertson v. Rose*, 704 N.W.2d 227, 228 (Neb. 2005).

### 1. Claim One

On direct appeal, Monje argued only that his sentence was excessive under Nebraska state law (Filing No. 9-3, Attach. 2, at CM/ECF pp. 7-38). In his brief on direct appeal, Monje cited eight Nebraska state cases and four Nebraska statutes, but did not cite any federal cases, or any federal constitutional

rights or provisions. (*Id.*) In addition, none of the state cases cited by Monje address the pertinent federal constitutional issue set forth in Monje's Claim One -- that his sentence is excessive in violation of his federal due process rights. (*Id.*) Monje argues that he raised his due process claims on direct appeal because he argued that his sentence was an "abuse of discretion" and "[a]n abuse of discretion equates to a due process of law violation." (Filing No. 13.) The Court has found no authority supporting this argument, nor has Monje cited any. The Court finds that Monje failed to raise Claim One on direct appeal, and has never presented this federal habeas claims to the state courts. In accordance with *Carney*, this claim is unexhausted. Monje cannot submit a third post conviction motion, and he can no longer present Claim One to the state courts. Claim One is therefore procedurally defaulted.

      2.   Claims Two-Five

Monje did not raise Claims Two-Five on direct appeal or in his First Post Conviction Motion. Although Monje attempted to raise portions of Claim Three in his appeal of the denial of his First Post Conviction Motion, the Nebraska Court of Appeals refused to consider that claim because it was procedurally barred from doing so (Filing No. 9-4, Attach. 3, at CM/ECF pp. 4-5). Regardless, Monje did not file a petition for further review with the Nebraska Supreme Court regarding denial of his First Post

Conviction Motion.  (*Id.* at CM/ECF p. 2.)  Monje then raised Claims Two-Five in his Second Post Conviction Motion.  After the Lancaster County District Court denied relief on those Claims, Monje appealed, again raising Claims Two-Five.  The Nebraska Court of Appeals granted the State of Nebraska's motion for summary affirmance on state procedural grounds, and Monje filed a petition for further review with the Nebraska Supreme Court.  However, Monje filed his petition for further review 33 days after the Nebraska Court of Appeals summarily affirmed (Filing No. 9-7, Attach. 6, at CM/ECF p. 2).  Therefore, the Nebraska Supreme Court denied the petition for further review "as filed out of time."  (*Id.*)

Monje never presented Claims Two-Five to the Nebraska Supreme Court.  Although he attempted to raise Claim Three on his First Post Conviction Appeal, he did not file a petition for further review with the Nebraska Supreme Court.  Further, Monje raised Claims Two-Five on his Second Post Conviction Motion and appeal, but was denied relief because that Motion was a successive motion for post conviction relief and Monje failed to show that the relief he sought was clearly unavailable at the time of his First Post Conviction Motion.  *See Ortiz*, 670 N.W.2d at 792.  In addition, Monje then filed his petition for further review three days late and the Nebraska Supreme Court dismissed it based on that independent and adequate state procedural

ground.  As with his Claim One, Monje's Claims Two-Five are unexhausted and he is now barred from raising them in state court.  All of Monje's Claims are therefore procedurally defaulted and this Court cannot consider the merits of the petition unless Monje can show cause and prejudice to excuse the default.

  **B. Cause and Prejudice**

    To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999).  In addition, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim.  *Armstrong*, 418 F.3d at 927.

    Monje does not argue cause and prejudice which would excuse his procedural default.  Although difficult to decipher,

Monje instead claims that he argued "plain error" in the state court, which cures his procedural default.[1] (Filing No. 13 at CM/ECF p. 6.) Monje is confused about the effect of a "plain error" argument on procedurally defaulted claims. It is true that, where a state court conducts a "plain error" review of a defaulted claim, it may or may not "cure[] a procedural default." Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2009) (noting, but not resolving, the "unfortunate" and "surprisingly persistent" split of authority within the Eighth Circuit regarding this issue). However, it is not a petitioner's "plain error" *argument* which may cure a procedural default, but a state court's "plain error" *review* which may do so.

Indeed, even assuming that a plain error review cures a procedural default, that argument has no effect here because the Nebraska courts did not conduct a "plain error" review of Monje's conviction. There is simply nothing for this Court to review, and this Court "may not simply conduct [its] own plain error review de novo." *Id.* In short, Monje's "plain error" argument lacks merit. Further, he has not submitted any argument or evidence which shows that he, or his counsel, were objectively

---

[1] Monje may instead be arguing that his untimely petition for further review should be overlooked under Nebraska law because he argued "plain error." However, construed this way, Monje's argument is based on Nebraska state law only, and this Court has no jurisdiction to review errors, or misapplications of, state law. Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006).

impeded from filing all of his claims in his direct appeal and in his First Post Conviction Motion, or from filing a timely petition for further review of either his First or Second Post Conviction Motions.[2]  Because Monje has not demonstrated cause and prejudice to excuse his procedural default, all five of his Claims will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] Monje does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent.  Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.